## Wark *v.* George M. Dunlap Company, Appellant (No. 1).

*Negligence—Pushing push cart on sidewalk—Infant.*

In an action to recover damages for personal injuries to a boy eight years old, a verdict and judgment for plaintiff will be sustained where the evidence shows that at the time of the accident, the defendant's servant was pushing on the sidewalk in the street a push cart, with the handles in front instead of the wheels, and that he struck the plaintiff with such violence as to knock him down and render him unconscious. In such a case it is immaterial whether a city ordinance did or did not forbid the use of a push cart on the sidewalk.

Argued Oct. 12, 1911. Appeal, No. 166, Oct. T., 1911, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1906, No. 1,137, on verdict for plaintiff in case of Warren Wark, by his father and next friend John W. Wark, and John W. Wark v. George M. Dunlap Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before RALSTON, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff Warren Wark for $275, and for John W. Wark, $85.00. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Joseph Gilfillan,* of *Graham & Gilfillan,* for appellant, cited: Lederman v. R. R. Co., 165 Pa. 118; Foote v. Product Co., 195 Pa. 190; Herron v. Pittsburg, 204 Pa. 509; Lombard & S. St. Pass. Ry. Co. v. Christian, 124 Pa. 114; White v. Roydhouse, 211 Pa. 13; Simmons v. R. R. Co., 199 Pa. 232; Ubelmann v. Ice Co., 209 Pa. 398; Fane v. Transit Co., 228 Pa. 471.

518    WARK *v.* DUNLAP CO., Appellant (NO. 1).

Opinion of Court below—Opinion of the Court.    [48 Pa. Superior Ct.

*John H. Fow,* for appellees, cited: Kahl v. Love, 37 N. J. Law, 5; Willey v. Belfast, 61 Maine, 569; Vansant v. McMenamy, 41 Pa. Superior Ct. 509; Dormer v. Alcatraz Pav. Co., 16 Pa. Superior Ct. 407; Kane v. Phila., 196 Pa. Superior Ct. 502; Matthews v. Railroad Co., 18 Pa. Superior Ct. 10.

OPINION BY ORLADY, J., March 1, 1912:

Two actions were brought against the defendant, one in the name of the above plaintiff by his father and next friend, and the other by the father in his own name to recover damages for injuries sustained by this plaintiff in being run down and over by a push cart or barrow while he was on a public pavement—on the south side of Porter street in Philadelphia. The defendant presented a point that, under all the evidence in the case, the verdict must be for the defendant,—which was refused and verdicts were returned for the respective plaintiffs.

The principal contention on the part of the defendant is that the use of the cart or barrow on the sidewalk mentioned was not a violation of an ordinance of the city, and that the trial judge erred in saying to the jury (first assignment), "In this case the boy was pushing the wheelbarrow or push cart on the sidewalk. That is a violation of the ordinances of council of the city of Philadelphia."

The selected passage of the charge does not fairly represent the instruction given to the jury—it being, "Whether the boy who had the push cart, the defendant's servant, was negligent or not you will have to determine from the testimony. Negligence, as you know, is lack of the care which a person should exercise under the circumstances. In this case the boy was pushing the wheelbarrow or push cart on the sidewalk. That is a violation of the ordinances of the city of Philadelphia. It has also been testified that the boy was pushing the wheelbarrow with the handles in front instead of the wheels. Whether having the push cart on the sidewalk, and pushing it that way was a lack of care under the circumstances, you will

have to determine.   If you find that it was, then the plaintiff would be entitled to your verdict," etc.

Even if such a use of a pavement had been permitted by the ordinance, the manner of exercising that right would determine the defendant's liability.   Was it due care under the circumstances mentioned?   Permission to use the sidewalk would not justify its use in a reckless manner, and the provisions of the ordinance, so far as the facts in this case are concerned, are not material, for the reason that the evidence shows that the boy was not only struck by the barrow, but such violence was applied to him that he was knocked down, run over and rendered unconscious.

No testimony was presented by the defendant and the whole matter was carefully and fairly submitted to the jury.

The judgment is affirmed.